NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUDALON J. HARRIS,**
*Petitioner*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent*

-------------------------------------------------

**JUDALON J. HARRIS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1677

---

Petition for review of the Merit Systems Protection Board in Nos. CH-0752-17-0303-I-1, CH-3443-16-0593-I-1.

---

Decided: May 21, 2024

---

JUDALON J. HARRIS, Anderson, IN, pro se.

JOSHUA MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent Department of Defense. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent Merit Systems Protection Board. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

———————————

Before PROST, CHEN, and HUGHES, *Circuit Judges*.

PER CURIAM.

Judalon Harris, appearing pro se, challenges two separate decisions from the U.S. Merit Systems Protection Board, each dismissing her petitions for review for lack of jurisdiction. In MSPB Docket No. CH-3443-16-0593-I-1, the Board dismissed Ms. Harris's appeal because she did not establish that she was subjected to an appealable adverse action. In MSPB Docket No. CH-0752-17-0303-I-1, the Board dismissed Ms. Harris's appeal as settled and thus withdrawn. For the following reasons, we affirm both dismissals.

I

Ms. Harris was an accounting technician for the Department of Defense, Defense Finance and Accounting Service (DFAS), in Indianapolis, Indiana. MSPB S.A. 8–9; *see*

*also* DoD S.A. 8.[1] She worked for the federal government for 13 years, and her performance was considered successful for the four years prior to her removal. MSPB S.A. 88; DoD S.A. 40. On appeal, Ms. Harris challenges the agency's actions prior to her removal in MSPB Docket No. CH-3443-16-0593-I-1 and during the removal itself in MSPB Docket No. CH-0752-17-0303-I-1.

A

We first describe the pre-removal proceedings before turning to the removal itself. In a June 8, 2016 decision from the DFAS, Ms. Harris was suspended from duty without pay from June 12, 2016 to June 25, 2016 because she failed to comply with a supervisory instruction and behaved inappropriately towards a coworker. MSPB S.A. 25–27. Ms. Harris "was [also] charged with eleven hours of AWOL" (absence without leave) during a September 2016 pay period. MSPB S.A. 9.

Ms. Harris appealed her 14-day suspension and the AWOL charge. MSPB S.A. 28–33; *see also* MSPB S.A. 67 ("It appears that you are appealing either the agency's decision to charge you with AWOL (Absence Without Leave) in late August or September 2016 or a 14-day suspension without pay in June 2016 or both."). She also stated that she was being subjected to a hostile work environment and harassment. MSPB S.A. 59–65. The administrative judge, in an Acknowledgment Order, ordered Ms. Harris to "file evidence and argument to prove that th[e] action [wa]s

---

[1]    Citations to "MSPB S.A." refer to the Supplemental Appendix accompanying Respondent U.S. Merit Systems Protection Board's Informal Brief, ECF No. 36. Similarly, citations to "DoD S.A." refer to the Supplemental Appendix attached to Respondent Department of Defense's Informal Brief, ECF No. 34.

within the Board's jurisdiction," MSPB S.A. 68, but Ms. Harris never did, MSPB S.A. 9.

On October 19, 2016, the administrative judge issued an initial decision dismissing Ms. Harris's appeal for lack of jurisdiction. MSPB S.A. 8–12. Regarding Ms. Harris's 14-day suspension, the administrative judge noted that the Board did not have jurisdiction to consider the lawfulness of suspensions of 14 days or less. MSPB S.A. 10 (citing, among other sources, *Lockridge v. U.S. Postal Serv.*, 121 F.3d 727 (Table) (Fed. Cir. 1997) (nonprecedential) ("Because pursuant to 5 U.S.C. § 7512 (1994) the Board has jurisdiction over suspensions only if they exceed fourteen days, it correctly ruled that it did not have jurisdiction to consider whether or not Lockridge's [6-day] suspension was lawful.")). The administrative judge also concluded the Board was without jurisdiction to consider Ms. Harris's challenge to her AWOL charge. MSPB S.A. 11 (citing *Maki v. U.S. Postal Serv.*, 41 M.S.P.R. 449, 453 (1989) ("The Board and the courts have consistently held that AWOL, by itself, is not an appealable matter.")). Finally, the administrative judge held that the Board lacked jurisdiction to consider Ms. Harris's hostile work environment and discrimination claims absent "an otherwise appealable matter." MSPB S.A. 11 (citing *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1248 (Fed. Cir. 1991) (en banc)). Therefore, the administrative judge dismissed Ms. Harris's appeal for lack of jurisdiction. MSPB S.A. 12.

Ms. Harris petitioned for review by the Board, but the petition was denied, and the Board adopted the administrative judge's initial decision as the final decision of the Board.[2] MSPB S.A. 2; *see also* 5 C.F.R. § 1201.113(b) ("If

---

[2]    In her petition for review before the Board, MSPB S.A. 75–79, Ms. Harris also invoked 5 U.S.C. § 2302(b), which "prohibits an agency from penalizing its employees

the Board denies all petitions for review, the initial decision [of the administrative judge] will become final when the Board issues its last decision denying a petition for review."). Ms. Harris timely appealed to this court. We have jurisdiction to review the final decision of the Board under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

B

We next describe Ms. Harris's removal from her position in 2017 for "absence without leave (AWOL) and failure to follow proper leave request procedures." DoD S.A. 39–41. Ms. Harris appealed her removal to the Board. DoD S.A. 8.

Before the scheduled hearing in Ms. Harris's appeal, the agency and Ms. Harris agreed to enter into a settlement agreement. DoD S.A. 9. Pursuant to the agreement, the agency would cancel Ms. Harris's removal, substitute it with a voluntary resignation, and update her agency record accordingly, and in turn Ms. Harris would "withdraw[] the above-captioned MSPB appeal with prejudice" and receive a one-time payment of $5,000. DoD S.A. 31–34.[3] The agreement stated that it was "open for acceptance by [Ms. Harris] for a period of twenty-one (21) days" and that

for whistleblowing." *Rickel v. Dep't of Navy*, 31 F.4th 1358, 1364 (Fed. Cir. 2022). In denying Ms. Harris's petition, the Board noted that Ms. Harris has not established that "she exhausted her administrative remedies by first filing a complaint with the Office of Special Counsel," so the Board lacked jurisdiction over this claim as well. MSPB S.A. 2–3.

[3]    Neither party alleges that the terms of the settlement agreement, as read into the record during the hearing before the administrative judge, materially differ from the terms of the settlement agreement as they appear in our record at DoD S.A. 31–34. Therefore, we rely on that written version of the agreement to resolve this appeal.

for "seven (7) days following the execution of the Agreement," Ms. Harris could revoke the agreement. DoD S.A. 33. If Ms. Harris did not revoke the agreement by "notify[ing] the Agency's Office of General Counsel in writing," the agreement became effective on the eighth day. DoD S.A. 33.

During the July 13, 2017 hearing before the administrative judge, the settlement agreement was read into the record, with Ms. Harris "agree[ing] to the terms as read by agency counsel and stat[ing] she understood and agreed to the terms." DoD S.A. 9. When the agency and Ms. Harris's representatives sought to sign a written copy of the settlement agreement on August 3, 2017, Ms. Harris attempted to reject what she viewed as a settlement offer. DoD S.A. 9; DoD S.A. 34 (Ms. Harris writing, on the settlement agreement, that "I, Judalon J. Harris reject this offer. August 3, 2017"). Ms. Harris's representative nonetheless signed the agreement on August 3, 2017. DoD S.A. 35–38. The agency thereafter moved to dismiss Ms. Harris's appeal, consistent with the terms of the settlement agreement. *See* DoD S.A. 25.

On August 17, 2017, the administrative judge issued an initial decision dismissing Ms. Harris's appeal as settled. DoD S.A. 8. The administrative judge found that "the parties reached an oral settlement on July 13, 2017, that was placed on the record and agreed to by [Ms. Harris]." DoD S.A. 9. In an order issued the same day, the administrative judge noted that Ms. Harris's representatives "agreed that the appeal was settled on July 13, 2017." DoD S.A. 25. The administrative judge explained that "[t]he written settlement was merely to be memorialized for the record." DoD S.A. 9. Therefore, the administrative judge concluded that "the agreement became enforceable on July 21, 2017, the eighth day after the 7-day revocation period." DoD S.A. 9. As a result, on August 3, 2017, there was no offer of settlement for Ms. Harris to reject. DoD S.A. 9.

The administrative judge also found that the "settlement agreement is lawful on its face and the parties freely entered into the agreement, underst[oo]d its terms, and intend[ed] to have the agreement entered into the record." DoD S.A. 10; *see also* DoD S.A. 9. The administrative judge noted that Ms. Harris "was not happy about having a previous suspension on her record [but] that was not an issue before the Board." DoD S.A. 9. The administrative judge then dismissed Ms. Harris's appeal for lack of jurisdiction because, pursuant to the terms of the settlement agreement, the appeal was withdrawn. DoD S.A. 10; *see also Tacujan v. U.S. Postal Serv.*, 109 M.S.P.R. 553, 556 (2008) ("The withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction . . . .").

Ms. Harris petitioned for review by the Board, and the Board denied the petition and adopted the administrative judge's initial decision as the Board's final decision. DoD S.A. 2. Ms. Harris timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## II

We may set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see also Edenfield v. Dep't of Veterans Affs.*, 54 F.4th 1357, 1359 (Fed. Cir. 2022).

"Whether the [B]oard had jurisdiction to adjudicate a case is a question of law, which we review *de novo*." *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). "[A]lthough we may review freely the Board's conclusion that it did not have jurisdiction over [Ms. Harris's] appeal, we are bound by the [administrative judge's] factual determinations unless those findings are not supported by

substantial evidence." *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998).

## III

The Board's jurisdiction is not plenary. *See Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985). "The Board's appellate jurisdiction is limited to agency actions over which it has been granted jurisdiction by law, rule, or regulation." *Rosario-Fabregas v. Merit Sys. Prot. Bd.*, 833 F.3d 1342, 1345 (Fed. Cir. 2016) (citing 5 U.S.C. § 7701(a)). Only some actions can be appealed to the Board, including removals, suspensions for more than 14 days, reductions in pay or grade, and a furlough of 30 days or less, subject to the exceptions provided by statute. *See* 5 U.S.C. §§ 7512, 7513(d); *see also Rosario-Fabregas*, 833 F.3d at 1345.

Although we construe Ms. Harris's pleadings liberally, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Ms. Harris still bears the burden of establishing that the Board has jurisdiction over her appeals, *see Fields v. Dep't of Just.*, 452 F.3d 1297, 1302 (Fed. Cir. 2006).

## A

We first consider Ms. Harris's appeal of the Board's decision regarding her 14-day suspension and AWOL status. We agree with the Board that Ms. Harris did not establish that she was subjected to an appealable adverse action under 5 U.S.C. § 7512.

Ms. Harris contends that her 14-day suspension was invalid and the result of wrongful accusations levied against her. *See* Appellant's Informal Br. 4–5. But Ms. Harris does not argue that her suspension was "for more than 14 days," as it must be for the Board to have jurisdiction. *See* 5 U.S.C. § 7512(2). Instead, Ms. Harris focuses on the merits of her suspension. *See, e.g.*, Appellant's Informal Br. 4. However, as the Board explained, it lacks jurisdiction to consider this claim. *Synan v. Merit Sys. Prot. Bd.*, 765 F.2d 1099, 1101 (Fed. Cir. 1985) (explaining that

suspensions totaling 14 days or less "could not be appealed" under 5 U.S.C. § 7512).

Ms. Harris also argues that she was wrongly considered AWOL for 11 hours in August 2016. Appellant's Informal Br. 5–6. Ms. Harris asserts that there was a "mistake surrounding [her] leave [on] 8-31-16." Appellant's Informal Br. 2. Even so, "AWOL, by itself, is not an appealable matter." *Maki*, 41 M.S.P.R. at 453. Here, too, the Board did not err in dismissing Ms. Harris's appeal.

Ms. Harris next asserts that she experienced harassment and discrimination during her employment. Appellant's Informal Br. 6–7. Absent adverse action on behalf of the agency, the Board lacks jurisdiction to consider Ms. Harris's harassment and discrimination claims. *See Cruz*, 934 F.2d at 1245–46.

Finally, Ms. Harris argues that she was improperly placed in AWOL status in April 2016 because she misunderstood when a suspension was to begin. *See* Appellant's Informal Br. 4–5. But the Board considered Ms. Harris's AWOL status only "during the pay period ending September 3, 2016." MSPB S.A. 9; *see also* MSPB S.A. 2. From the record on appeal, there is no evidence that the Board was presented with Ms. Harris's argument regarding her AWOL status in April 2016. Therefore, Ms. Harris's claim is not properly before the court, and we decline to consider it further. *See Henry v. Dep't of Navy*, 902 F.2d 949, 953 (Fed. Cir. 1990) ("This issue was not raised before the [administrative judge] or the Board. Thus, this argument is not properly before this court.").

Even construing Ms. Harris's filings generously, the Board did not err in dismissing Ms. Harris's appeal for lack of jurisdiction, and we affirm the Board's dismissal of MSPB Docket No. CH-3443-16-0593-I-1.

B

We now consider Ms. Harris's appeal of the Board's separate decision regarding the impact of the settlement agreement. Ms. Harris focuses on the merits of her removal, asserting it was "unfair" because it was the result of two mistakes. Appellant's Informal Br. 4–6. Regardless of the propriety of Ms. Harris's removal, we need only decide whether the Board erred in dismissing the case for lack of jurisdiction. Considering Ms. Harris's arguments and the evidence of record regarding the settlement agreement, we affirm the Board's dismissal.

"[A]n oral settlement agreement is binding on the parties, particularly when the terms are memorialized into the record." *Sargent v. Dep't of Health & Hum. Servs.*, 229 F.3d 1088, 1090 (Fed. Cir. 2000). "[A]n appellant must show that the agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake" before the agreement can be set aside. *Id.* at 1091. Here, the administrative judge found that the "settlement agreement is lawful on its face and the parties freely entered into the agreement, underst[oo]d its terms, and intend[ed] to have the agreement entered into the record" on July 13, 2017. DoD S.A. 10. Moreover, in that agreement, Ms. Harris agreed to withdraw her appeal with prejudice. DoD S.A. 9; DoD S.A. 31 ("Appellant agrees to withdrawal the above-captioned MSPB appeal with prejudice.").

On appeal, Ms. Harris does not cite to any evidence undermining the Board's findings, other than stating that she felt pressured to accept the settlement agreement.[4]

---

[4] In her briefing, Ms. Harris repeatedly alludes to an "Alternative Suspension Agreement" and feeling pressured to sign it. Appellant's Informal Br. 2, 5. This appears to be a separate agreement from the settlement agreement, and as such, we need not consider its terms.

Appellant's Informal Br. 5. Based on our review of the record, we are persuaded that the Board's findings that Ms. Harris entered, albeit unhappily, into the settlement agreement on July 13, 2017 and did not revoke her acceptance before July 21, 2017 are supported by substantial evidence. Therefore, we agree that Ms. Harris could not revoke her acceptance on August 3, 2017, and we affirm the Board's dismissal of MSPB Docket No. CH-0752-17-0303-I-1.

## IV

We have considered Ms. Harris's additional arguments but conclude that the Board did not err in dismissing either of Ms. Harris's appeals for lack of jurisdiction. We affirm both dismissals.

## AFFIRMED

Costs

No costs.